**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| EDDIE ASHLEY, | ) | NO. CV 21-2367-DOC(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| CHRISTIAN PFEIFFER, Warden, | ) | |
| Respondent. | ) | |

Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" on March 15, 2021. The Petition seeks to challenge a 2010 Los Angeles Superior Court criminal judgment (Petition, p. 2).

Petitioner previously challenged this same Superior Court judgment in a prior habeas corpus petition filed in this Court. See Ashley v. Biter, CV-14-1572-DOC(JGB). On January 8, 2015, this Court entered Judgment in Ashley v. Biter, CV-14-1572-DOC(JGB), dismissing the prior petition with prejudice as untimely.

///

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as untimely "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157; see also Remsen v. Att'y Gen. of Calif., 471

---

[1] The Court takes judicial notice of the Ninth Circuit docket available on the PACER database at www.pacer.gov. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The docket does not reflect that anyone named Eddie Ashley has received authorization to file a second or successive petition.

2

Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it.") (citation omitted).

For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   March 23, 2021

/s/ David O. Carter
_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

PRESENTED this 19th day of March, 2021, by:

_____/s/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE